WATKINS, Judge.
This is an action which plaintiff Thomas E. McGinnis d/b/a T MC Concrete, styles an action on an open account. Defendant Ronnie Grizzaffi reconvened. The trial court denied plaintiff’s principal demand and rendered judgment in favor of Grizzaf-fi and against McGinnis on the reconven-tional demand in the sum of $1,575.00, and taxed an expert fee of M. I. Starns in the sum of $280.00 against McGinnis as costs. We reverse.
Grizzaffi entered into a verbal agreement with McGinnis for McGinnis, a cement finisher, to lay and finish the concrete on a slab for a double-wide mobile home in Patterson, Louisiana. In connection with the job McGinnis laid visquine and put down mud for the laying of the slab. Grizzaffi then changed his mind and, before further work was done on the trailer slab, verbally asked McGinnis to lay and finish the slab for a log cabin he was planning to build on the north bank of Bayou Teche near Patterson.
The agreement was that the builder of the log cabin, Smith Brothers, was to lay and prepare the forms for the concrete slab. St. Mary Ready Mix was to furnish the concrete. McGinnis was to lay and finish the concrete. Grizzaffi was his own general contractor for purposes of arranging for wiring and the like.
Grizzaffi called McGinnis a week before the concrete was to be poured and told him Smith Brothers was setting the forms and asked McGinnis to do some work on grading, digging the footing, and so forth. McGinnis’ crew did that work on Saturday, and the agreement was the concrete was to be laid the following Monday or Tuesday. On Saturday after inspecting the site McGinnis told Grizzaffi that the forms were not properly laid and asked Grizzaffi to have Smith Brothers correct the forms. On Monday McGinnis telephoned Grizzaffi and told him he could not do the work until Tuesday because he could not get St. Mary Ready Mix to deliver the concrete until then. In that telephone conversation McGinnis asked if the defect in the forms was corrected, and Grizzaffi said no. McGinnis again called Grizzaffi early Tuesday morning, and Grizzaffi told him to bring the concrete out. McGinnis then ordered the concrete.
When McGinnis arrived at the construction site, he found the defect in the forms had not been corrected. McGinnis arrived at the site about 8:45 Tuesday morning and his crew about five minutes later. They set to work correcting the forms. The first concrete truck arrived at 9:00. In rapid succession, four concrete trucks arrived. Because the correcting of the forms occasioned considerable delay, McGinnis saw that there was a strong possibility that the cement would begin to harden in the trucks. He radioed the dispatch office in Morgan City to stop the deliveries for a while to permit them to correct the forms. At that time theie was a fifth truck already loaded that the furnishers of the concrete, St. Mary, had no alternative but to send.
It was a hot July day. The concrete became somewhat solidified in the truck and, consequently, when it was poured, it was hard to work. Because of that fact, *654 the concrete as laid was uneven and in places somewhat honeycombed. In spite of the defects in the concrete, Grizzaffi proceeded to have the house constructed on the foundation as laid by McGinnis. In the house as constructed the floors are uneven and the bottom logs of the walls fail to meet the concrete in all places. Also, the kitchen floor proved to be too uneven to permit the laying of slate, which Grizzaffi earlier had planned to have laid.
The agreement was that Grizzaffi would pay McGinnis the day the concrete was laid. When Grizzaffi saw the concrete would be uneven, he refused to pay McGinnis. McGinnis sent Grizzaffi a bill for the uncompleted work on the house trailer foundation and the work on the log cabin slab. Grizzaffi did not pay either amount, and the present suit was filed.
The trial court found, apparently relying upon the testimony of defendant’s expert on concrete laying, M. I. Starns, that it was the duty of a cement finisher to insist that the forms were properly laid, and that McGinnis failed in the performance of that duty. Hence, the defect in the log cabin foundation was the result of McGinnis’ failure to perform his duties.
In that conclusion, the trial court was guilty of manifest error and clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Dominque, 365 So.2d 1330 (La.1978). McGinnis on at least two occasions asked Grizzaffi to have the forms corrected. Either Grizzaffi or the builder of the forms, Smith Brothers, neglected to correct the forms and thus failed to follow the concrete finisher’s instructions. The trial court did not in its written reasons mention these facts and consequently its analysis of the facts is flawed. It is the fault of Grizzaffi or Smith Brothers that the forms were not in proper condition when McGinnis arrived on the site Tuesday morning. Grizzaffi had even indicated in his telephone conversation with McGinnis Tuesday morning that he was ready for the concrete to be poured. Thus, although McGinnis was under a duty to see the forms were done correctly, he did everything in his power to perform that duty. It is quite true that the expert, Starns, testified that ice or water could have been added to the trucks (which was not done) and that the metal reinforcements for the concrete could have been placed before the job was begun (which also was not done), but it is not clearly shown that either of these errors, if they were errors on the part of McGinnis, contributed materially to the premature hardening of the concrete. McGin-nis performed his verbal contract as agreed upon without any substantial fault on his part, and he is entitled to be paid his labor under the contract, or $833.00.
As the fault was that of Grizzaffi or Smith Brothers, not that of McGinnis, Griz-zaffi’s reconventional demand against McGinnis must fail.
Grizzaffi contends that McGinnis failed to prove the items of his claim for the work performed on the trailer slab, and is not entitled to any amount for that work. Obviously Grizzaffi gave McGinnis substantial discretion in charging for that work. Unless it could be shown that McGinnis’ charge was patently unreasonable, McGin-nis is entitled to be paid for the work he did without itemizing that amount. We award the sum of $542.00 for work on the uncompleted slab.
McGinnis seeks attorney’s fees for the bringing of an action on an open account. As the agreement was that McGinnis would be paid for his work on the house slab when the work was completed, the work was done by the job, not on open account. McGinnis did no other work for Grizzaffi personally (he did perform some work for a relative of Grizzaffi) except the initial work on the trailer slab. As that work was likewise an isolated piece of work, it was obviously done by the job, not an open account. Hence, we deny attorney’s fees.
All expert witness fees will be taxed as costs to Grizzaffi.
Judgment is rendered for plaintiff, Thomas E. McGinnis, and against defendant, Ronnie Grizzaffi, in the sum of $1,311.00, all costs in the trial court and this *655 court to be paid by Ronnie Grizzaffi. The reconventional demand of Ronnie Grizzaffi is dismissed.
REVERSED AND RENDERED.